**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIAMOND CLARK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ERA REAL SOLUTIONS/ERA SOLUTIONS PROPERTY MANAGEMENT, *et al*,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 2:26-cv-00615**<br>**Judge Michael H. Watson**<br>**Magistrate Judge S. Courter M. Shimeall** |

**REPORT AND RECOMMENDATION**

Plaintiff, Diamond Clark, proceeding *pro se*, filed this action on December 15, 2025. (ECF No. 1.) On May 27, 2026, after observing some irregularities in Plaintiff's initial filing, the Court ordered Plaintiff to show cause and explain within 14 days: (1) why this case is not merely April Clark asserting claims under the name Diamond Clark; and (2) April Clark's involvement, if any, in this litigation.[1] (May 27 Show Cause Order, ECF No. 6.) After Plaintiff's response deadlines lapsed without a response to the May 27 Show Cause Order or a request for an extension of time, the Court issued a second Show Cause Order on June 29, 2026, ordering Plaintiff to show cause within seven days of that Order and explain why this case should not be dismissed for want of prosecution. (June 29 Show Cause Order, ECF No. 7.) The Court further warned Plaintiff that failure to respond to the Court's Show Cause Order could result in the recommendation that this case be dismissed for failure to prosecute. After the Court's June 29 Show Cause Order was returned "Not Deliverable as Addressed," the Court directed the Clerk to send the May 27 and

---

[1] April Clark is an individual who has been declared a vexatious litigator due to her repetitive, excessive, and baseless filings in this Court. (*See* Case No. 2:23-cv 04201, ECF No. 23.)

June 29 Show Cause Orders to Plaintiff's corrected address and extended Plaintiff's deadline to respond to the Court's June 29 Show Cause Order. (ECF No. 9.) The May 27 and June 29 Show Cause Orders were mailed to Plaintiff at her corrected address, and those mailings have not been returned as undeliverable.

To date, Plaintiff has failed to respond to this Court's Show Cause Orders.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has failed to respond to the Court's May 27 Show Cause Order, or comply with the Court's June 29 Show Cause Order instructing her to show cause why this case should not be dismissed for failure to prosecute her case. Moreover, this Court's June 29 Show Cause Order explicitly cautioned Plaintiff that failure to comply could result in dismissal of this case. (ECF No. 7.); s*ee Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear Order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b). As a result of this recommendation, it is further **RECOMMENDED** that Plaintiff's pending motions (ECF Nos. 2, 3) be **DENIED as moot**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**